# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL ACTION NO. 13-00127-KD-N |
| | ) |
| KENNETH PATRICK McGEE, | ) |
|     Defendant. | ) |

## ORDER

This action came before the Court for a non-jury trial on February 11, 2014. Present at trial were the Defendant, Kenneth Patrick McGee ("McGee"); Federal Defender Latisha Colvin, appointed counsel for McGee; and Assistant United States Attorney George May, counsel for the Government. Based on the trial proceedings and the record, the Court now makes the following findings:

This criminal action was initiated on May 7, 2013, when a Criminal Complaint (Doc. 1) was filed against McGee. On May 9, 2013, McGee was brought before the Court for an initial appearance and was appointed counsel. (Docs. 10-11). On May 23, 2013, McGee filed a motion for a competency evaluation pursuant to 18 U.S.C. § 4241 and a notice of insanity defense pursuant to Fed. R. Crim. P. 12.2 (Doc. 14). On May 30, 2013, McGee was indicted on one count of maliciously attempting to damage and destroy a building by means of fire in violation of 18 U.S.C. § 844(i) and one count of maliciously conveying false information in violation of 18 U.S.C. § 844(e). (Doc. 16).

On June 11, 2013, upon finding that the Government was in agreement, the Magistrate Judge granted McGee's motion and ordered that McGee undergo a psychiatric examination pursuant to 18 U.S.C. §§ 4241-4242 to determine whether McGee was competent to stand trial and his sanity at the time of the offense. (Doc. 23). McGee was examined by the Federal

Bureau of Prisons, and on December 2, 2013, a report was issued to the Court wherein the examiner determined that McGee was insane at the time of the alleged offenses but that he was competent to stand trial. (*SEALED* Docs. 27-1, 30).

On December 5, 2013, McGee, along with Ms. Colvin and Mr. May, appeared before the undersigned for his competency hearing. The report and the opinion of the examiner, which the Court adopted were the only evidence presented at the hearing, and the Court found by a preponderance of the evidence that McGee, while he does suffer from a severe mental disease or defect, is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, and therefore is competent to stand trial. (Doc. 27).

McGee was subsequently arraigned and entered a plea of not guilty by reason of insanity. (Doc. 29). On February 5, 2014, McGee filed a written waiver of jury trial pursuant to Federal Rule of Criminal Procedure 23(a), to which the Government consented and the Court **APPROVES**. (Doc. 35). On February 7, 2014, the parties filed joint Stipulations for Bench Trial (Doc. 36), in which the parties "agree that the following would provide a factual basis for a finding of the Defendant's guilt beyond a reasonable doubt, if the Defendant was found to be responsible for his actions at the time of the offenses[:]

> **Count 1**: On or about April 9, 2013, Kenneth Patrick McGee placed a small propane tank measuring approximately 9 ¼ inches in diameter and approximately 10 ¼ inches in length along with two lit cigarettes, inside an outside electrical circuit breaker panel box located on the outside wall of LaBit's Heating & A/C Service in Mobile. McGee also placed cloth type material around a cable leading up to the box and placed the same material on top of the box. McGee then lit the cloth with a lighter. The device was discovered and no actual damage was done to the building. The defendant intended to burn down LaBit's Heating & A/C Service in Mobile by these actions. **Count 2**: On or about April 29, 2013 at approximately 7:35 pm, McGee placed a telephone call to LaBit's Heating & A/C Services, (251) 666-xxxx and left the following recorded message on their answering machine, "I'm the Anti-Christ, when you arrive in the morning I will blow up and all will burn to dust." This language constitutes a threat to destroy a building by means of explosives.

(Doc. 36 at 1-2, ¶ 4).

McGee "contends that he is not responsible for his actions at the time of these offenses, based upon a defense of insanity" and "seeks a verdict from the Court finding him to be not guilty by reason of insanity . . ." (Doc. 36 at 2-3, ¶¶ 5, 8). The Government "leaves the determination of the appropriate verdict to the Court." (Doc. 36 at 3, ¶ 8). As evidence regarding McGee's mental state at the time of the offense, the parties rely only on the BOP's psychiatric report (*SEALED* Docs. 27-1, 30) previously considered at the McGee's competency hearing. (Doc. 36 at 2-3, ¶ 6). At trial, both parties relied on the various representations and requests set forth in their joint stipulations (Doc. 36) and offered nothing further for the Court's consideration.

The Court has considered the findings and opinions set forth in the BOP's psychiatric report by McGee's evaluator, Dawn Graney, Psy.D. Dr. Graney's "professional opinion" is "that at the time of the commission of the acts constituting the instant offenses, Mr. McGee did suffer a severe mental disease or defect which made him unable to appreciate the nature and quality or wrongfulness of his acts." (*SEALED* Doc. 30 at 28). In support of this conclusion, Dr. Graney cites to the following, *inter alia*:

- McGee's "lengthy history of mental illness" and "recurrent psychotic symptoms, including hallucinations, and paranoid and grandiose delusions."

- "Clear indications that Mr. McGee has been experiencing paranoid ideation for several years[, with] a period of increased paranoia in the months proceding [sic] the instant offense behaviors."

- "Around the time of the instant offense behaviors, Mr. McGee had stopped taking his antipsychotic medications, but he had reportedly continued to take his prescribed

3

psychostimulant[,]" which "likely . . . resulted in the recurrence and/or exacerbation of his psychotic symptoms."

- While McGee "expressed awareness" of placing the propane tank and leaving the threatening telephone message, thus "appear[ing] to appreciate the nature of his actions[,] . . . he did not appear to fully recognize the seriousness . . . or the wrongfulness of his behaviors." When questioned by investigators, McGee "did not appear . . . [to] ma[k]e any real attempts to avoid detection when engaging in the instant offense behaviors[,]" "did not believe he would get in trouble for his behaviors, . . . and indicated that he did not understand why the police were at his home of the day of his arrest . . ."

- McGee was experiencing "paranoid and grandiose delusions at the time [of the offenses] (including beliefs that he was a deity, the government had a special interest in him, and governments were planning to send missiles to Mobile, Alabama, to kill him)[,]" which likely "contributed to his failure to appreciate the potential seriousness and possible consequences of his behavior."

(*SEALED* Doc. 30 at 25-28).

Upon consideration the foregoing and all other relevant portions of the BOP report, and in accordance with 18 U.S.C. § 4242(b), the Court finds that McGee is **NOT GUILTY ONLY BY REASON OF INSANITY** of the offenses charged in Counts I and II of the Indictment (Doc. 16).

McGee having been "found not guilty only by reason of insanity at the time of the offense charged, he shall be committed to a suitable facility until such time as he is eligible for release pursuant to [18 U.S.C. § 4243](e)." 18 U.S.C. § 4243(a). As such, pursuant to 18 U.S.C. § 4243(b), it is further **ORDERED** that a psychiatric or psychological examination of McGee

shall be conducted pursuant to 18 U.S.C. § 4247(b) and (c) by a local psychiatrist or psychologist.[1] The report shall be filed with the Court **under seal** on or before **Thursday, March 6, 2014**. Pursuant to § 4243(c), it is further **ORDERED** that a hearing on this matter will be held on **Tuesday, March 11, 2014**, at **1:30 p.m.** before the undersigned in Courtroom 5A of the United States Courthouse, 113 St. Joseph Street, Mobile, Alabama. The United States Marshal is **DIRECTED** to produce McGee for this hearing.

**DONE** and **ORDERED** this the **19th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] The parties notified the Court on February 18, 2014, that they agree Dr. Douglas O. McKeown, Ph.D., will perform the evaluation.